### DEHN v. SHERMAN.

(Supreme Court, Appellate Division, Third Department.  December 30, 1909.)

JUDGMENT (§ 145*)—DEFAULT JUDGMENT—OPENING DEFAULT.

    After the service of plaintiff's verified complaint, various extensions of time were given defendant for a period of five months within which to serve an answer, when defendant served an unverified answer, which was returned, and was again served.  *Held*, that a motion by defendant to open a default judgment and to permit him to file a verified answer should not have been granted, without a showing that defendant had a meritorious defense.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 293; Dec. Dig. § 145.*]

Appeal from Special Term, Saratoga County.

Action by Christian Dehn against Charlotte M. Sherman.  From an order granting permission to defendant to open a default and serve an answer, plaintiff appeals.  Reversed.

Argued before SMITH, P. J., and CHESTER, COCHRANE, KELLOGG, and SEWELL, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Slade, Harrington & Goldsmith (Irving I. Goldsmith, of counsel), for appellant.

Rockwood, McKnight & McKelvey (Horace E. McKnight, of counsel), for respondent.

SMITH, P. J. This action was commenced on the 27th of March, 1909, with the service of a summons and notice of judgment. The defendant appeared and a copy of the plaintiff's verified complaint was served on the 20th of April. Thereafter various extensions of time were given to the defendant until the 7th day of September, 1909, when she served an unverified answer. This was returned as unverified, and was again served by the defendant, who claimed the right to serve an unverified answer, because the letters "ss" had been omitted from the verification in the plaintiff's complaint. Finally this motion was made by the defendant, at a Special Term held on the 25th of September, to compel the plaintiff to receive the unverified answer, or for permission to serve a verified answer if the relief first asked for were denied. The court held that the complaint was properly verified, and the plaintiff was entitled to a verified answer, but allowed the defendant to serve an answer within 20 days upon payment of $10 costs. From this order the plaintiff appeals.

We are of opinion that this order should not have been granted without something to show that the defendant had a meritorious defense. There is no affidavit of merits attached. There is no verified answer accompanying the notice of motion. The fact of the defendant's insistence upon serving an unverified answer raises a suspicion as to the merits of her defense. In the plaintiff's papers is included a letter from the defendant, which to an extent recognizes the plaintiff's claim. It may be that a failure to object preliminarily waived a compliance with the rule that a verified answer must be served with the notice of motion, or that a general affidavit of merits must be served. It did not waive, however, the right of the plaintiff to insist that some facts appear before the court to show that the defendant was not merely seeking delay. The order should be reversed, with $10 costs and disbursements, and the motion denied, without costs, with leave to renew upon papers showing that the defendant has a substantial defense to the plaintiff's cause of action.

Order reversed, with $10 costs and disbursements, and motion denied, without costs, with leave to renew upon papers showing that defendant has a substantial defense to plaintiff's cause of action. All concur.